**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-5135**

---

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

CEDRIC MONTRELLE AGE,

             Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Benson Everett Legg, District Judge. (1:09-cr-00078-BEL-2)

---

Submitted:  September 23, 2011      Decided:  September 29, 2011

---

Before WILKINSON, KEENAN and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Nicholas J. Vitek, VITEK LAW LLC, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Sean B. O'Connell, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric Montrelle Age appeals from his conviction for interstate transportation of stolen firearms. Age entered a conditional guilty plea, reserving the right to challenge on appeal the denial of his motion to suppress. On appeal, Age contends that his motion should have been granted because the district court failed to analyze the reliability of the drug dog that alerted on the car and, without a determination of the reliability, probable cause for the search was lacking. We affirm.

The Supreme Court has repeatedly held that a drug dog sniff is not a search under the Fourth Amendment and a reliable dog alert provides probable cause that illegal drugs are present. Illinois v. Caballes, 543 U.S. 405, 409-10 (2005). Moreover, we have rejected a requirement that "dog alert testimony must satisfy the requirements for expert scientific testimony . . . [because] the dog's alert . . . would serve not as actual evidence of drugs, but simply to establish probable cause to obtain a warrant to search for such substantive evidence." United States v. Allen, 159 F.3d 832, 839-40 (4th Cir. 1998).

Assuming, without deciding, that we would require specific evidence of a dog's reliability before permitting his alert to provide probable cause, we find sufficient evidence in

2

this case. The Government provided evidence regarding the dog's detailed training and continuing certification. Moreover, the officer testified that he had worked with the dog for years, and the dog's alerts were 80-90% correct.[1] Hence, the district court's implicit finding that the dog was reliable was not clearly erroneous.

Moreover, the dog's alert was not the only evidence that established probable cause. In addition to the dog's positive indication, there was the following: the smell of marijuana emanating from the car, the conflicting information given by the car's occupants on the ownership of the car and the destination, the fact that Age did not know his female companion, Age's physical reaction to being asked to exit the car, a passenger's response to questioning regarding contraband, and the cigars and air fresheners in the car.[2] Based on the totality of the circumstances, there was clear probable cause to

---

[1] Probable cause is "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Because probable cause does not require certainty, a low percentage of false positives is not fatal to the finding that a drug detection dog is properly trained and certified. United States v. Scott, 610 F.3d 1009, 1014 (8th Cir. 2010), cert. denied, 131 S. Ct. 964 (2011).

[2] Based on his training and experience, the arresting officer testified regarding these circumstances and their indication of criminal behavior.

search the vehicle.  See United States v. Donnelly, 475 F.3d 946, 955 (8th Cir. 2007) (holding that a 54% accuracy rating for a drug dog, Baron, did not undermine the existence of probable cause, "taking into account the totality of the circumstances present at the scene . . . , [the defendant's] behavior and condition, Baron's history and pedigree, and Baron's positive indication of drugs within the vehicle").

Accordingly, we hold that the district court properly found that the search was a lawful search and the evidence found therein was not subject to suppression.  As such, we affirm Age's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED